IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MESA RITH, Petitioner, | ORDER AND MEMORANDUM DECISION |
| vs. | Case No. 2:16-cv-00351 |
| UNITED STATES OF AMERICA, Respondent. | Judge Tena Campbell |

In 2001, petitioner Mesa Rith pleaded guilty to assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). Now, more than a decade after his judgment of conviction became final, Mr. Rith asks the court to correct his sentence based on the United States Supreme Court's decision in Johnson v.

United States, 135 S. Ct. 2551 (2015). Because Johnson does not apply to his case, the court dismisses Mr. Rith's motion as untimely.[1]

## BACKGROUND

Mr. Rith pleaded guilty to assaulting a federal officer in 2001. Because of a prior conviction, Mr. Rith's sentence was enhanced under the United States Sentencing Guidelines (Guidelines) and the court sentenced him to 96 months of imprisonment. The court set Mr. Rith's 96-month sentence to run consecutively with a sentence imposed in another federal case.

Mr. Rith appealed his sentence, but the United States Court of Appeals for the Tenth Circuit affirmed the judgment. United States v. Rith, 63 Fed. App'x 463 (10th Cir. 2003) (unpublished). In 2004, Mr. Rith moved under 28 U.S.C. § 2255 to have his sentence vacated. The court denied his motion. (Order & Mem. Decision, Case No. 2:04-cv-787, ECF No. 10.) On April 29, 2016—eleven years after Mr. Rith filed his first § 2255 motion—Mr. Rith filed a second § 2255

---

[1] A hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motions and records in this case conclusively show that Mr. Rith is not entitled to relief, the court finds that a hearing is not necessary.

motion, this time seeking to have his sentence corrected after the Supreme Court's decision in Johnson.

The Government moves to dismiss Mr. Rith's § 2255 motion. The Government argues, among other things, that Mr. Rith's motion is barred by § 2255's statute of limitations. Mr. Rith responds that his motion qualifies as timely because the one-year statute of limitations restarted when the Supreme Court decided Johnson in 2015.

## ANALYSIS

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner can move the court to vacate or correct a sentence if the sentence was unconstitutional or otherwise illegal.

Ordinarily, a petitioner has one year to file his § 2255 motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). But when a petitioner asserts a right "recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-

year period begins to run from the "date on which the right asserted was initially recognized by the Supreme Court." Id. at § 2255(f)(3).

Here, Mr. Rith pleaded guilty to assaulting a federal officer in 2001. The Court sentenced Mr. Rith that same year. Though Mr. Rith appealed his sentence, the Tenth Circuit rejected his appeal in 2003. Mr. Rith did not seek review with the Supreme Court, nor did he seek a rehearing with the Tenth Circuit. Accordingly, his convictions became final 90 days later—in September 2003. See United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Absent an event restarting the one-year statute of limitations, Mr. Rith would be time-barred from filing a petition after September 2004. See 28 U.S.C. § 2255(f)(1).

Acknowledging that his motion would be time-barred, Mr. Rith contends that the Supreme Court in Johnson recognized a right that was made retroactively applicable to cases like his on collateral review. In Johnson, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2563. Mr. Rith asserts that because his sentence was mandatorily enhanced under the residual clause of the Guidelines, and because the language in the residual clause of the ACCA and the Guidelines is identical, Johnson applies to his case.

Mr. Rith also acknowledges that the Supreme Court recently ruled in United States v. Beckles that sentences imposed after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005)—where the Supreme Court ruled that the Guidelines were advisory, not mandatory—are not subject to vagueness challenges. 137 S. Ct. 886, 890 (2017). However, Mr. Rith was sentenced before the Supreme Court decided Booker. As such, Mr. Rith argues that Beckles does not bar Johnson's application to pre-Booker sentencings.

To determine whether Johnson restarted the one-year statute of limitations for Mr. Rith's motion, the court must ask whether Mr. Rith asserts the same right announced in Johnson, or whether he instead asserts a new right that the Supreme Court has yet to recognize. 28 U.S.C. § 2255(f)(3). A right qualifies as "new" if it "is not dictated by precedent." Chaidez v. United States, 568 U.S. 342, 347 (2013) (citation and internal quotation marks omitted). A right is "dictated by precedent" only if "it is apparent to all reasonable jurists." Id. (citation and internal quotation marks omitted). So the inquiry is whether Johnson dictates invalidation of the Guidelines' residual clause.

After reviewing Johnson, the parties' briefing, and other caselaw, the court concludes that Johnson does not announce the right that Mr. Rith asserts: Johnson

does not dictate invalidation of the Guidelines' residual clause. Johnson explicitly invalidates only the residual clause of the ACCA. 135 S. Ct. at 2563. And Justice Sotomayor confirmed in Beckles that the Supreme Court has not yet answered "whether defendants sentenced to terms of imprisonment before [the Supreme Court's] decision in United States v. Booker . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).[2] Because the Supreme Court has not yet answered that question, they have not recognized the right Mr. Rith asserts.

Mr. Rith resists this conclusion. He directs the court to United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015). There, the Tenth Circuit ruled that Johnson invalidates the residual clause in the Guidelines. Id. at 1210. But Madrid was explicitly overturned by Beckles. 137 S. Ct. at 892 n.2, 897. And even if Madrid were still good law as applied to pre-Booker sentencings, in determining whether Mr. Rith's Johnson-based challenge qualifies as timely, the

---

[2] Though this statement appears only in Justice Sotomayor's concurring opinion, the court is persuaded that "if a concurring opinion says that the existence of a right remains an open question, and the majority opinion does not explicitly address the right, then the Supreme Court did not previously announce the existence of the same right." Zamora v. United States, No. CR 97-488, 2017 WL 3054645, at *5 (D. N.M. June 29, 2017)

6

question is whether the Supreme Court has recognized the right at issue, not the Tenth Circuit. See 28 U.S.C. § 2255(f)(3) (measuring the one-year filing deadline from "the date on which the right asserted was initially recognized by the Supreme Court") (emphasis added); E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) (stating that "a decision taken from a federal court of appeals does not provide an independent basis to trigger the one year statute of limitations provided under [§ 2255(f)(3)]"); Ellis v. United States, No. 2:16-CV-484, 2017 WL 2345562, at *2 (D. Utah May 30, 2017) ("[A] right recognized by the Tenth Circuit is not sufficient under the terms of" § 2255(f)(3) to restart the one-year period.)

The court's conclusion is consistent with another decision from this district. In United States v. Ellis, Michael Wayne Ellis challenged his pre-Booker Guidelines enhancement under Johnson. 2017 WL 2345562, at *1. The court dismissed Mr. Ellis's § 2255 motion. It ruled that "the right recognized by the Supreme Court in Johnson does not apply to Mr. Ellis's case." Id. at *2. The court emphasized that Johnson invalidated the ACCA's residual clause and "Mr. Ellis's sentence was increased under the residual clause of the [Guidelines], not under the residual clause of the ACCA." Id. As a result, the court ruled that 28

U.S.C. § 2255(f)(3) did not apply to Mr. Ellis's case and, consequently, his § 2255 motion was untimely. Id.

In sum, it is far from "apparent to all reasonable jurists" that Johnson invalidates pre-Booker sentencings made under the residual clause of the Guidelines. Chaidez, 568 U.S. at 347 (citation and internal quotation marks dismissed). In fact, as mentioned before, the Supreme Court itself has confirmed that it has not yet answered "whether defendants sentenced to terms of imprisonment" before the decision in Booker "may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). Consequently, Johnson does not announce the right Mr. Rith asserts and his motion is not timely.

## ORDER

For the reasons just mentioned, the court GRANTS the Government's motion to dismiss (ECF No. 18).

DATED this 29th day of August, 2017.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge