IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MESA RITH, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR CERTIFICATE OF APPEAL <br><br> Civil Case No. 2:16-cv-351-TC <br><br> (Associated Crim. Case No. 2:00-cr-562-TC) |

In August 2017, the court dismissed Petitioner Mesa Rith's § 2255 Motion as untimely. (Aug. 29, 2017 Order & Mem. Decision, ECF No. 24 (§ 2255 Order).) Mr. Rith appealed the court's decision to the Tenth Circuit Court of Appeals on September 21, 2017. Before the appellate court can consider the appeal, it requires a Certificate of Appealability (COA) of the court's Order. The Tenth Circuit abated Mr. Rith's appeal and directed him to obtain "a decision by the district court on whether a COA should issue." United States v. Rith, No. 17-4149, May 21, 2018 Order (10th Cir.) (filed in this case as ECF No. 34). Following the appellate court's direction, Mr. Rith filed a Motion for COA (ECF No. 35) with this court. Because Mr. Rith has not satisfied the standard necessary to obtain a COA, his motion is denied.

## I. LEGAL STANDARD

When a court denies a § 2255 petition, the petitioner does not have an automatic right to appeal that decision. Instead, the petitioner must obtain a certificate of appealability from either the district court or the court of appeals. 28 U.S.C. § 2253(c)(1)(B).

When reviewing a COA motion, the court does not fully consider "'the factual or legal bases adduced in support of the claims.'" Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). Rather, the court conducts a "'threshold inquiry into the underlying merit'" of those claims. Id. at 774 (quoting Miller-El, 537 U.S. at 327)).

The court should issue a COA only if "'jurists of reason could disagree with the district court's resolution'" of the claims raised in the § 2255 petition or "'could conclude the issues presented are adequate to deserve encouragement to proceed further.'" United States v. Springer, 875 F.3d 968, 972 (10th Cir. 2017) (quoting Buck, 137 S. Ct. at 773). If "reasonable jurists would not find the district court's decision on these issues debatable or wrong," the court should deny the COA motion. Jones v. Warrior, 805 F.3d 1213, 1222 (10th Cir. 2015).

When the court denies a § 2255 petition on procedural grounds (as occurred here), the petitioner has an additional hurdle. He can obtain a COA only if he shows that both the procedural issue and the underlying claim are reasonably debatable. Springer, 857 F.3d at 981.

For the reasons set forth below, the court finds that Mr. Rith has not shown that reasonable jurists could debate the time-bar issue.

## II. ANALYSIS

Mr. Rith was sentenced in 2001 and his judgment of conviction became final in September 2003. Typically, his § 2255 Motion, which was filed on April 29, 2016, would be time-barred under 28 U.S.C. § 2255(f)(1), which imposes a one-year period of limitation running from the date the judgment becomes final. But Mr. Rith relies on an alternative method to obtain review: if the United States Supreme Court recognizes a new right and makes that right

retroactively applicable to cases on collateral review, a petitioner asserting that right may file a § 2255 petition within one year of the Court's decision. 28 U.S.C. § 2255(f)(3).

In his § 2255 Motion, Mr. Rith relied on the United States Supreme Court's 2015 decision in Johnson v. United States, 135 S. Ct. 2551 (2015), to obtain review. As this court explained in the § 2255 Order,

> [i]n Johnson, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2563. Mr. Rith asserts that because his sentence was mandatorily enhanced under the residual clause of the [United States Sentencing] Guidelines, and because the language of the residual clause of the ACCA and the Guidelines is identical, Johnson applies in this case.

(§ 2255 Order at 4.)

The court rejected Mr. Rith's petition as untimely after concluding that Johnson did not recognize the right asserted by Mr. Rith. In the § 2255 Order, the court highlighted language in the Supreme Court's decision in United States v. Beckles, 137 S. Ct. 886 (2017), which addressed the same Guideline language in the non-mandatory Guideline context. Justice Sotomayor, in her concurrence, expressly acknowledged that the court has not yet answered the question of "whether defendants sentenced to terms of imprisonment [under the mandatory Guidelines] . . . may mount vagueness attacks on their sentences." Id. at 903 n.4 (Sotomayor, J., concurring) (emphasis added). Because Mr. Rith raised that unsettled question in his § 2255 Motion, the court found that Mr. Rith did not satisfy the "new rule" requirement of § 2255(f)(3) and could not take advantage of the alternative limitation period.

Now, in his motion for a COA, Mr. Rith points to the April 17, 2018 decision by the United States Supreme Court in Sessions v. Dimaya, to argue that this court's "new rule"

3

decision is reasonably debatable. In Dimaya, the Court invalidated § 16(b) of the Immigration and Nationality Act (INA) defining "aggravated felony." 138 S. Ct. 1204 (2018). The language of § 16(b) was very similar to the language of the section invalidated in Johnson. When the Court asked "whether a similarly worded clause in a statute's definition of 'crime of violence' suffers from the same constitutional defect" recognized in Johnson, the Court answered, "[a]dhering to our analysis in Johnson, we hold that it does." Id. at 1210. According to the Court, "Johnson is a straightforward decision, with equally straightforward application here." Id. at 1213, quoted in Mot. for COA at 2–3, ECF No. 35.

This, according to Mr. Rith, changed the legal landscape and "made clear that a new rule is not needed to apply the rule in Johnson to statutes other than the ACCA." (Mot. for COA at 2.) He believes that "[b]ecause Dimaya turned on the 'straightforward application' of Johnson, rather than an extension of that decision to a new context, the application of Johnson in this case is even more 'straightforward' than in Dimaya because the residual clause at issue here is identical to the one in Johnson." (Rith Reply at 3 (emphasis added), ECF No. 39.) In other words, he apparently argues that the analysis in Dimaya was "straightforward" because Johnson dictated the result and that reasonable jurists could, consequently, debate whether Johnson's holding was indeed the "new rule" this court needed to review the merits of his petition. The court disagrees for a number of reasons.

First, the INA definition at issue in Dimaya was a "new context" (i.e., an immigration statute). Dimaya does not stand for the proposition that Johnson encompassed any statute that contained the same or similar language. Certainly United States Supreme Court decisions have considered the vagueness arguments anew in each situation arising on certiorari review.

4

Second, the Dimaya court was not addressing the issues underlying Mr. Rith's argument here. It did not address whether Johnson dictates the conclusion that a clause in a different statute (not just the INA) using the same or similar language as the clause at issue in Johnson is void for vagueness. And it did not address a statute of limitations issue on collateral review.

Third, Mr. Rith, at least in part, raises an argument that must be addressed on direct appeal. In his Motion, he maintains that "[i]f Johnson invalidated § 16(b), as Dimaya said it did, reasonable jurists could at least debate whether (if not agree that) it also invalidated the residual clause in the Guidelines." (Mot. for COA at 3.) Although circuit courts can apply Johnson's reasoning to find that clauses in "similarly worded statutes are unconstitutionally vague on direct appeal," review under § 2255 is "more limited." United States v. Greer, 881 F.3d 1241, 1247 (10th Cir. 2018) (emphasis added). In Greer, the petitioner (who asserted the very same right Mr. Rith asserts) was "attempting to apply the *reasoning of Johnson* in a different context not considered by the Court. . . . [S]uch relief is not available on collateral review." Id. at 1248 (emphasis in original). "[E]ven assuming [the petitioner] presents a compelling argument for finding the clause unconstitutional, such a task exceeds the authority of this court under [§ 2255]." Id. at 1246–47.

To qualify for the § 2255(f)(3) limitation period on collateral review, the petitioner must show that the Supreme Court recognized a new constitutional right that is "formally acknowledged . . . in a definite way." Id. at 1247. Dimaya addressed § 16(b) of the INA. It did not raise, much less answer, the question of whether defendants sentenced under the mandatory Guidelines may attack their sentences on vagueness grounds. And its vague language (recognizing that analysis of § 16(b) was "straightforward" under Johnson) does not overcome

Justice Sotomayor's clear statement in <u>Beckles</u> that the issue of "whether defendants sentenced to terms of imprisonment [under the <u>mandatory</u> Guidelines] . . . may mount vagueness attacks on their sentences" has not been resolved. <u>Beckles</u>, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Mr. Rith did not assert the right recognized in <u>Johnson</u> and his reliance on <u>Dimaya</u> does not cast doubt on the court's procedural ruling. Accordingly, the court denies his Motion for a COA (ECF No. 35).

SO ORDERED this 3rd day of July, 2018.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge